IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darin Arthur McCuistion,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Conrad Graber,<br><br>　　　　　Respondent. | No. CV-14-00307 PHX SRB MEA<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE SUSAN R. BOLTON:**

Mr. Darin McCuition ("Petitioner"), is currently detained at the Federal Correctional Institution ("FCI") in Phoenix, Arizona. By means of a petition filed pursuant to 28 U.S.C. § 2241 on February 14, 2014, as amended on March 17, 2014, see Doc. 5, Petitioner asserts the Federal Bureau of Prisons ("BOP") is incorrectly calculating his term of incarceration, imposed by the United States District Court for the District of Nevada. On June 23, 2014, Respondent filed an Answer to Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Answer") (Doc.. 12). On July 16, 2014, Petitioner docketed a reply to the answer to his petition. See Doc. 13.

**I  Procedural History**

An indictment returned in the United States District Court for the District of Nevada in case number 2:10 CR 552 PMP on November 10, 2010, charged Petitioner with one count of attempted bank robbery, alleged to have occurred on April 24, 2009. See Answer, Attach. at 27. On December 19, 2010, Petitioner was arrested by local

1   authorities on a bench warrant for a probation violation in Nevada state case number
2   C257273.  Petitioner was still in state custody pursuant to that arrest on February 28,
3   2011, when he was transferred to federal custody pursuant to a writ of habeas corpus ad
4   prosequendum issued on February 23, 2011, in the 2010 Nevada federal criminal case
5   charging one count of attempted bank robbery.

6   On May 9, 2011, the State of Nevada issued a writ of habeas corpus ad
7   prosequendum to return Petitioner to state custody for sentencing on the probation
8   violation in C257273.  Petitioner was returned to state custody and, on on May 19, 2011,
9   sentenced in Nevada state court to a term of twelve to 36 months imprisonment in case
10  C257273.  The minutes from that state court proceeding state, *inter alia*: "[T]o the extent
11  that this Court is the second sentencing body, Court will ORDER that sentence run
12  CONCURRENT with Federal case." Answer, Attach. at 23..  The state court gave
13  Petitioner 251 days of credit towards his Nevada state sentence for time served.

14  After being sentenced in the state case on May 19, 2011, Petitioner was returned to
15  federal custody and on June 21, 2011, Petitioner entered a guilty plea in his federal
16  criminal proceedings.  See Answer, Attach. at 11.  See also 2:10 CR 552 PMP at Doc. 26.
17  On October 17, 2011, Petitioner was sentenced by the federal court to a term of 57
18  months imprisonment and three years of supervised release pursuant to his conviction on
19  one count of attempted armed bank robbery.  See 2:10 CR 552 PMP at Doc. 29.  The
20  judgment in the federal case is silent as to whether the federal sentence was to run
21  concurrently or consecutively to the sentence imposed in the state case.

22  On November 14, 2011, after being sentenced in his federal proceedings,
23  Petitioner was returned to the custody of the Nevada state authorities to serve his
24  sentence in the probation violation matter.  On March 5, 2012, Petitioner was paroled
25  from Nevada state prison and returned to federal custody to serve his federal sentence
26  pursuant to his conviction for attempted armed bank robbery. Answer, Attach. at 28.  At
27  that time the BOP calculated that Petitioner was entitled to credit for 84 days served in
28  state custody toward his federal sentence.  Id., Attach at 28.  Petitioner's projected release

date is February 1, 2016.  Id., Attach at 28.

In his section 2241 motion Petitioner asserts that he was in federal custody while housed in a Nevada criminal detention facility and that, accordingly, this time served must be credited to his sentence.  Petitioner maintains that the federal court should order that his federal sentence be served concurrent to his state sentence, arguing that a concurrent sentence was ordered by the state court.  Respondent avers the Bureau of Prisons has correctly determined that Petitioner's federal sentence commenced on March 5, 2012, the date he was released from Nevada state custody to federal custody to serve his federal sentence, and that the BOP correctly gave Petitioner credit for any time spent in state custody which was not credited to his state sentence..

**II Analysis**

Respondent argues:

> In cases involving multiple sentences, BOP follows 18 U.S.C. § 3584, which states that multiple terms of imprisonment imposed at different times run consecutively unless the court orders the terms to run concurrently. Id.; see Program Statement 5880.28, Sentence Computation Manual, p. 1-31. BOP policy highlights the legislative history of 18 U.S.C. § 3584, which states, "If [] multiple terms of imprisonment are imposed at different times without the judge specifying whether they are to run concurrently or consecutively, they will run consecutively unless the statute specifies otherwise." Id.; see Program Statement 5880.28 at p. 1-32.
>
>   When an inmate requests that his federal sentence run concurrently with another sentence, BOP considers that a request to have BOP credit the inmate with the time he spent serving the other, non-federal sentence. Id., ¶ 14; see Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, at 5. However, such a request is appropriate when "the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state sentence." Id.; see Program Statement 5160.05 at 6 [] Here, BOP considered Petitioner's administrative remedy request as a request under Program Statement 5160.05. Id. However, his state sentence was imposed before the federal sentence, and the federal court was silent on whether they should run concurrently or consecutively. Id.

Answer at 4.

- 3 -

Respondent further asserts:

> Petitioner's contention that his federal sentence should run concurrently to his state sentence defies the above-referenced principle of comity that governs the priority of custody between sovereign state and federal jurisdictions. The federal government did not receive custody of Petitioner for transportation to the federal facility at which he would commence service of his federal sentence until the date he was released from the Nevada Department of Corrections after serving his state sentence, March 5, 2012. See Kitka Decl. ¶ 8; 18 U.S.C. § 3585(a). The Bureau of Prisons thus correctly determined that Petitioner's federal sentence commenced on March 5, 2012.

Id. at 8.

As noted by Respondent, although Petitioner argues the federal BOP is bound to honor the state court's statement[1] that his state and federal sentence be served concurrently, the state court ordered that the state sentence be served concurrently only if the state sentence was "second" to the federal sentence.

"Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings." Setser v. United States, 132 S. Ct. 1463, 1468 (2012). However, the Bureau of Prisons retains the authority to calculate and apply credit toward Petitioner's federal sentence for time spent in official detention prior to the date on which the federal sentence commenced. See United States v. Wilson, 503 U.S. 329, 331-34, 112 S. Ct. 1351, 1353-54 (1992). Federal law requires that, unless a federal court specifically orders a federal criminal sentence to run concurrently to another sentence, multiple sentences are to be served consecutively. See 18 U.S.C. § 3584(a); United States v. Montes-Ruiz, 745 F.3d 1286, 1290 (9th Cir. 2014). Section 3584 states in pertinent part: "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Subsection § 3585(b) dictates when

---

[1] "[T]o the extent that this Court is the second sentencing body, Court will ORDER that sentence run CONCURRENT with Federal case."

- 4 -

the BOP may apply prior custody or jail credit to a federal sentence. Specifically, the statute provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence.*

(emphasis added).  The statute, therefore, permits the application of prior custody credits to a federal sentence but limits the award of such credit to cases where the prior custody was not credited against another sentence. See United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993). "Congress made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337, 112 S. Ct. at 1355–56.

In reply to the response to his petition, Petitioner contends he was actually in federal custody through the duration of his pretrial proceedings and that credit for the entire time spent in federal custody, although he was incarcerated in Nevada, should be credited towards the Federal sentence he is currently serving.  Petitioner argues he was "primarily" in federal custody and that "He was merely 'borrowed' from Federal custody for production in State court."  Petitioner allows that, when arrested in Nevada on state charges in December of 2010 he had also been indicted on federal charges on November 20, 2010.  Petitioner allows that the state of Nevada "relinquished" custody of Petitioner to the federal government on or about February 28, 2011.[2]  Petitioner also avers that, because the federal government had "primary" custody of Petitioner, the State of Nevada had to file detainers and writs to have Petitioner produced at his state criminal proceedings.  Petitioner contends that the Nevada state court order that his state sentence

---

[2] "When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." Thomas v. Brewer, 923 F.2d 1361, 1367 (9th Cir. 1991).

- 5 -

be served concurrently with his federal sentence is binding on the BOP. Petitioner further maintains the BOP has the discretionary power to order Petitioner's sentence be served concurrently.

### III Conclusion

Petitioner's federal sentence was properly credited with the three periods of time spent in state custody which were not credited to his state sentence. Section 3585 precludes the Bureau of Prisons from crediting any other time, other than those three periods, against Petitioner's federal sentence because that time has "been credited against another sentence."

**IT IS THEREFORE RECOMMENDED that** Mr. McCuistion's sectiuon 2241 petition and this matter be **dismissed**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to

1 appellate review of the findings of fact and conclusions of law in an order or judgment
2 entered pursuant to the recommendation of the Magistrate Judge.
3     Dated this 21st day of August, 2014.

*Mark E. Aspey*
Mark E. Aspey
United States Magistrate Judge