**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Darin Arthur McCuistion, | No. CV-14-00307-PHX-SRB |
| Petitioner, | **ORDER** |
| v. | |
| Conrad Graber, | |
| Respondent. | |

Petitioner Darin Arthur McCuistion, proceeding pro se and presently confined at the Federal Correctional Facility in Phoenix, filed a Petition and Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. (Docs. 1, 5.) This case was referred to Magistrate Judge Mark E. Aspey, who filed a Report and Recommendation recommending that the Petitions be denied and dismissed. (Doc. 14.) Petitioner objected to the Report and Recommendation. (Doc. 16.)[1] Having reviewed the record de novo, the Court overrules Petitioner's objections, adopts the Report and Recommendation, and denies the Petitions.

**I.   BACKGROUND**

The background of this case was thoroughly summarized in the Report and Recommendation and is incorporated herein:

> An indictment returned in the United States District Court for the District of Nevada in case number 2:10 CR 552 PMP on November 10,

---

[1] The Government did not file a response to the objections.

2010, charged Petitioner with one count of attempted bank robbery, alleged to have occurred on April 24, 2009. See Answer, Attach. at 27. On December 19, 2010, Petitioner was arrested by local authorities on a bench warrant for a probation violation in Nevada state case number C257273.[2] Petitioner was still in state custody pursuant to that arrest on February 28, 2011, when he was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum issued on February 23, 2011, in the 2010 Nevada federal criminal case charging one count of attempted bank robbery.

On May 9, 2011, the State of Nevada issued a writ of habeas corpus ad prosequendum to return Petitioner to state custody for sentencing on the probation violation in C257273. Petitioner was returned to state custody and, on . . . May 19, 2011, sentenced in Nevada state court to a term of twelve to 36 months imprisonment in case C257273. The minutes from that state court proceeding state, *inter alia*: "[T]o the extent that this Court is the second sentencing body, Court will ORDER that sentence run CONCURRENT with Federal case." Answer, Attach. at 23. The state court gave Petitioner 251 days of credit towards his Nevada state sentence for time served.

After being sentenced in the state case on May 19, 2011, Petitioner was returned to federal custody and on June 21, 2011, Petitioner entered a guilty plea in his federal criminal proceedings. See Answer, Attach. at 11. See also 2:10 CR 552 PMP at Doc. 26. On October 17, 2011, Petitioner was sentenced by the federal court to a term of 57 months imprisonment and three years of supervised release pursuant to his conviction on one count of attempted armed bank robbery. See 2:10 CR 552 PMP at Doc. 29. The judgment in the federal case is silent as to whether the federal sentence was to run concurrently or consecutively to the sentence imposed in the state case.

On November 14, 2011, after being sentenced in his federal proceedings, Petitioner was returned to the custody of the Nevada state authorities to serve his sentence in the probation violation matter. On March 5, 2012, Petitioner was paroled from Nevada state prison and returned to federal custody to serve his federal sentence pursuant to his conviction for attempted armed bank robbery. Answer, Attach. at 28. At that time the [Bureau of Prisons ("BOP")] calculated that Petitioner was entitled to credit for 84 days served in state custody toward his federal sentence. Id., Attach at 28. Petitioner's projected release date is February 1, 2016. Id., Attach at 28.

---

[2] The correct case number for the Nevada probation violation was 09C258273. (Doc. 12-1 at 18.)

- 2 -

(Doc. 14 at 1-3.) Petitioner contends that the BOP has failed to credit all the time he served on his state sentence to his federal sentence. (Doc. 5 at 2.) He argues that his federal and state sentences should run concurrently rather than consecutively, contending that the state court judge ordered his state sentence to be served concurrently to any federal sentence that was later imposed. (*Id.* at 4.) He requests that the Court order the BOP to recalculate his federal sentence. (*Id.* at 9.)

Petitioner's position rests upon two false premises—that the Nevada state court ordered the state sentence to run concurrently with any federal sentence that was later imposed; and that a state court can order a federal court to run its federal sentence concurrent to a state sentence. The Nevada state court minute entry stated, "[T]o the extent that this Court is the second sentencing body, Court will ORDER that sentence run CONCURRENT with Federal case."[3] Because the Nevada state court was the first jurisdiction to sentence Petitioner, this order did not purport to have any effect on a later imposed federal sentence, nor could it under the dual sovereignty doctrine as "concurrent sentences imposed by state judges are nothing more than recommendations to federal officials." *See Taylor v. Sawyer*, 284 F.3d 1143, 1150-51 (9th Cir. 2002) ("So long as consistent with the federal Constitution, federal statutory and regulatory power to punish for federal crime is not constrained at all by state power. If a state court were allowed to force a federal court to run its federal sentence concurrent to a state sentence, the state

---

[3] To support his contention that the Nevada state court did not condition the concurrent sentencing on it being the second sentencing body, Petitioner directs the Court to language in the state court judgment that he believes contradicts the minute entry. (Doc. 13 at 3-4; Doc. 16 at 3 ("IT IS FURTHER ORDERED that the original sentence of a MAXIMUM of THIRTY-SIX (36) MONTHS with a MINIMUM Parole Eligibility of TWELVE (12) MONTHS in the Nevada Department of Corrections (NDC) be imposed, sentence to run CONCURRENT with Federal sentence with TWO HUNDRED FIFTY-ONE (251) DAYS credit for time served.")); *see Bowers v. Edwards*, 385 P.2d 783, 785 (Nev. 1963) ("[W]here there is a conflict between a minute order and a judgment, the latter prevails.").

Although the judgment does not mention the conditional nature of the sentencing, the lack of that information does not mean that there is a conflict between the judgment and minute entry. Here, the minute entry clarifies what happened during sentencing and has more specific instructions about how the sentence should be imposed. This is a far different scenario than when the judgment and minute entry expressly contradict each other—for example, by providing different terms for the length of a sentence.

would clearly be encroaching on the federal court's right to 'exact payment independent of' the state."), *abrogated on other grounds by Setser v. United States*, 132 S. Ct. 1463, 1465 (2012).

Here, the federal sentencing court did not specify whether the federal sentence was to be served concurrently or consecutively to the state sentence. In cases involving multiple sentences the BOP follows 18 U.S.C. § 3584(a), which states:

> **Imposition of concurrent or consecutive terms.**--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

The state and federal sentences were imposed at different times, and because the federal court did not order the federal sentence to run concurrently to the state sentence, the BOP correctly determined that they ran consecutively.[4]

Petitioner has not identified any other valid basis for a finding that the BOP erred in calculating the time-served as part of the federal sentence. Petitioner claims that he was actually in federal custody at certain points when he was housed in Nevada facilities, and appears to argue that he is entitled to additional time-served on the federal sentence from when he was transferred into the federal system to be charged (February 23, 2011) until he was paroled from the Nevada prison system (March 5, 2012). (Doc. 16 at 2-3.)

---

[4] Petitioner also claims that the BOP abused its discretion by denying him nunc pro tunc status. (Doc. 16 at 3.) That alleged error is not mentioned anywhere in the Petition or Amended Petition, and it is doubtful that he can now raise this issue through his briefing. In any event, "[t]he BOP has the authority to treat state and federal sentences as concurrent in the following relevant circumstances: (1) if an inmate requests a nunc pro tunc designation, and the district court does not object; or (2) if a state jurisdiction makes such a request." *Roberson v. Copenhaven*, No. 1:12-CV-01074-JLT, 2013 WL 2286112, at *7 (E.D. Cal. May 23, 2013), *reconsideration denied*, No. 1:12-CV-01074-JLT, 2013 WL 6182533 (E.D. Cal. Nov. 25, 2013). Petitioner has not adequately explained how the BOP's decision denying him nunc pro tunc status was arbitrary or capricious, and the Court will not make such a finding on the current record. *See Taylor*, 284 F.3d at 1149.

He contends that the Nevada state system relinquished its jurisdiction when it transferred him to the federal system under the writ of habeas corpus ad prosequendum. This argument is foreclosed under Ninth Circuit precedent. The Ninth Circuit has clarified that "[a]s a general rule, the first sovereign to arrest a defendant has priority of jurisdiction for trial, sentencing, and incarceration." *Thomas v. Brewer*, 923 F.2d 1361, 1365 (9th Cir. 1991). A federal writ of habeas corpus ad prosequendum only serves to "borrow" the defendant from the state, and the state does not lose primary jurisdiction. *Id.* at 1366–67 (producing state prisoner under writ of habeas corpus ad prosequendum does not relinquish state custody); *Taylor v. Reno,* 164 F.3d 440, 444 (9th Cir. 1998) ("[B]ecause [petitioner] appeared pursuant to a valid writ of habeas corpus ad prosequendum, he was still in state custody when he was delivered to the federal court for the . . . hearing and for the . . . sentencing."). The state of Nevada was Petitioner's primary custodian until he was paroled and transferred into the federal system to serve the federal sentence.[5] Petitioner is not entitled to credit against his federal sentence for time spent in the federal system pursuant to the writ of habeas corpus ad prosequendum. Nor has Petitioner not identified any error in how the BOP calculated the amount of credit awarded to him. Reviewing the Nevada records, the BOP determined that all but three periods of time (84 days) were credited to Petitioner's state sentence. Crediting Petitioner's federal sentence with time that had already been credited to the Nevada state sentence would constitute impermissible double counting. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence.").

///

---

[5] Petitioner argues that because the state of Nevada issued a writ of habeas corpus ad prosequendum to have him returned to the state system for sentencing on the probation violation, he was actually in primary custody of the federal government. (Doc. 16 at 3.) The Court rejects this argument. A writ of habeas corpus ad prosequendum just reflects the method by which a prisoner is transferred between the state and federal systems. The fact that a state issues a writ of habeas corpus ad prosequendum does not mean that it lacks primary custody over a prisoner under the authority cited above.

### III. CONCLUSION

The Court adopts the Report and Recommendation and denies the Petition and Amended Petition. The BOP correctly concluded that Petitioner's federal sentence was to run consecutively to rather than concurrently to the prior state sentence under 18 U.S.C. § 3584(a). The state and federal sentences were imposed at different times and in the absence of a federal sentencing order indicating otherwise, the default rule under § 3584(a) is that a federal sentence will run consecutively to prior sentences. Petitioner has not identified any other basis for relief. He was not entitled to credit for the time he was in the federal system through the writ of habeas corpus ad prosequendum because he was still in primary custody of the state of Nevada. Also, Petitioner's federal sentence could not be credited time that had already been credited to the state sentence under the double-counting rule in 18 U.S.C. § 3585(b).

**IT IS ORDERED** overruling Petitioner's objections to the Report and Recommendation.

**IT IS FURTHER ORDERED** adopting the Report and Recommendation (Doc. 14).

**IT IS FURTHER ORDERED** denying the Petition and Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Docs. 1, 5) and closing the case.

**IT IS FURTHER ORDERED** denying a certificate of appealability as Petitioner has failed to make a substantial showing of the denial of a constitutional right.

Dated this 14th day of October, 2014.

_____
Susan R. Bolton
United States District Judge